IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE (H.E.W.), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1456-DII |
| | § | |
| RADISSON HOSPITALITY, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning five motions to dismiss: Defendants Choice Hotels International, Inc., Country Inn & Suites by Radisson, Inc., and Radisson Hospitality, Inc.'s ("Radisson Defendants") Motion to Dismiss and Motion to Strike, (Dkt. 48); Defendants Baymont Franchise Systems, Inc., Days Inns Worldwide, Inc., Super 8 Worldwide, Inc., Wyndham Hotel Group, LLC, and Wyndham Hotels & Resorts, Inc.'s ("Wyndham Franchisor Defendants") Motion to Dismiss, (Dkt. 49); Defendant A&D Hotel, L.L.C.'s ("A&D") Motion to Dismiss, (Dkt. 62); Defendant Longhorn Hotels, L.P.'s ("Longhorn") Motion to Dismiss, (Dkt. 77); and Defendant Radiant Properties, L.L.C.'s ("Radiant") Motion to Dismiss, (Dkt. 121). (R. & R., Dkt. 126).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Wyndham Franchisor Defendants, Radisson Defendants, and Longhorn timely objected to the report and recommendation, (Dkts. 127, 128, 129), the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and

1

recommendation, the Court overrules Defendants' objections and adopts the report and recommendation as its own order.

In their Objections, Defendants additionally requested that this Court certify two questions for appeal: "(1) what pleading requirements must a Plaintiff satisfy under 18 U.S.C. § 1595(a) to state a plausible beneficiary or participant liability claim; and (2) whether a franchisor otherwise found not to have participated in or known about an alleged trafficking venture may nonetheless be held vicariously liable under the statute and, if so, the pleading requirements to state a vicarious liability claim." (Dkt. 127, at 1−2). The issuance of a certificate of appealability is "exceptional" and is not the rule. *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Issuing a certificate of appealability requires a controlling question of law, as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the order may advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

First, there is not a "substantial" ground for difference of opinion as is required. 28 U.S.C. § 1292(b). That the Fifth Circuit has not weighed in on the precise questions at issue here does not prevent this Court from following the weight of other persuasive authority, as described in the report and recommendation, and applying the relevant statute to the facts alleged in the instant case. (*See* Dkt. 126). The threshold for establishing a "substantial ground for difference of opinion" is higher than mere disagreement or even the existence of some contrary authority. *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013) (citation omitted) ("[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement."). And, as Defendants acknowledge, (Dkt. 127, at 10), courts in this Circuit have denied certificates of appealability on similar questions. *See, e.g., Doe (K.E.C.) v. G6 Hosp., LLC, et al.*, No. 23-cv-00270-MJT (E.D. Tex. Oct. 18, 2024), ECF No. 112; *Doe (D.D.J.) v. G6 Hosp., LLC, et al.*, No. 23-cv-00269- MJT (E.D. Tex. Oct. 18, 2024), ECF No. 99; *Doe*

2

*(R.B.) v. G6 Hosp., LLC, et al.*, No. 23-cv-00286-MJT (E.D. Tex. Oct. 21, 2024), ECF No. 70; *Doe (C.L.F.) v. G6 Hosp., LLC*, No. 23-cv-00303-MJT (E.D. Tex. Oct. 21, 2024), ECF No. 71.

Having found there is no substantial disagreement, this Court need not reach the other § 1292(b) requirements. However, the Court notes that Defendants have also made no showing that the questions they seek to certify are pure questions of law, rather than questions of how to apply law to fact, as is required. *See Louisiana Patients' Comp. Fund Oversight Bd. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005) (finding that "[o]ur appellate jurisdiction under § 1292(b) extends only to interlocutory orders involving a controlling question of law" and refusing to consider questions of sufficiency of evidence as a result) (internal quotation marks and citations omitted).

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (R. & R., Dkt. 126), is **ADOPTED**.

**IT IS ORDERED** that the Radisson Defendants' Motion to Dismiss and Motion to Strike, (Dkt. 48), is **DENIED**.

**IT IS FURTHER ORDERED** that the Wyndham Franchisor Defendants' Motion to Dismiss, (Dkt. 49), is **DENIED**.

**IT IS FURTHER ORDERED** that A&D's Motion to Dismiss, (Dkt. 62), is **GRANTED** as to perpetrator liability and vicarious liability and **DENIED** as to beneficiary liability.

**IT IS FURTHER ORDERED** that Longhorn's Motion to Dismiss, (Dkt. 77), is **GRANTED** as to perpetrator liability and **DENIED** as to beneficiary liability.

**IT IS FINALLY ORDERED** that Radiant's Motion to Dismiss, (Dkt. 121), is **GRANTED** as to perpetrator liability and **DENIED** as to beneficiary liability and shotgun pleading.

**SIGNED** on February 19, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE