IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE (H.E.W.), § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 1:23-CV-1456-DII |
| § | | |
| RADISSON HOSPITALITY, INC., et al., § | | |
| § | | |
| Defendants. § | | |

## ORDER

Before the Court is Plaintiff Jane Doe, H.E.W.'s ("Plaintiff") Opposed Motion to Proceed Under Pseudonym and for Protective Order. (Dkt. 90). Three sets of Defendants filed responses in opposition: Defendant Arboretum Hospitality, Inc. d/b/a Country Inn & Suites ("Arboretum Hospitality"), (Dkt. 97); Defendants Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, Baymont Franchise Systems, Inc., Super 8 Worldwide, Inc., and Days Inns Worldwide, Inc. (collectively, the "Wyndham Defendants"),[1] (Dkt. 98); and Defendant A&D, Hotel LLC ("A&D"), (Dkt. 99). Plaintiff filed a reply, (Dkt. 101), and a notice of supplemental authority, (Dkt. 110). Having considered the parties' briefs, the record, and the relevant law, the Court finds that Plaintiff's motion should be granted in part.

Plaintiff alleges that she is a survivor of sex trafficking and that she was repeatedly exploited at hotels controlled by Defendants. (Compl., Dkt. 1). Plaintiff brings claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). (*Id.*). In her instant motion, Plaintiff requests the Court's permission to proceed in this lawsuit under a pseudonym. (Mot., Dkt. 90, at 1–2). She

---

[1] Defendants Radisson Hospitality, Inc., Country Inn & Suites by Radisson, Inc. and Choice Hotels International, Inc. (collectively, "Choice") filed a motion to join in the response filed by the Wyndam Defendants. (Dkt. 102). The Court grants the motion and considers the substantive arguments asserted by the Wyndham Defendants as adopted by Choice.

1

also requests that the Court enter a protective order to protect her from the disclosure of her identity. (*Id.*). She argues that such protections are warranted because this case involves inherently private and sensitive information, and the nature of this lawsuit exposes Plaintiff to a risk of stigmatization and retaliation. (*Id.* at 5–7). Plaintiff also argues that not adequately protecting her identity in this case could deter other sex trafficking survivors from pursuing violations of their rights. (*Id.* at 7–8). Plaintiff contends that these interests, balanced against Defendants' need to investigate the allegations against them, justify the entry of the protective order that she proposes. (*Id.*). Specifically, Plaintiff's proposed protective order would: (1) prohibit use of Plaintiff's identity in public filings and pretrial proceedings; (2) limit Defendants' use and disclosure of Plaintiff's identity to only permissible litigation purposes; (3) require that certain persons and fact witnesses sign an Acknowledgment & Agreement To Be Bound by the Protective Order ("Acknowledgement") before Plaintiff's identity is disclosed to them; and (4) establish procedures regarding the disclosure of Plaintiff's identity to her alleged trafficker and their associates. (*Id.* at 2–3).

      Defendants oppose Plaintiff's motion to varied degrees. The Wyndham Defendants do not oppose Plaintiff's request to proceed under a pseudonym and state that a reasonable protective order is warranted in this case. (*See* Dkt. 98, at 1). However, they oppose three aspects of the proposed protective order. First, the Wyndham Defendants oppose the proposed requirement that fact witnesses sign an Acknowledgement prior to them revealing Plaintiff's identity because they argue that such a requirement would chill their ability to investigate the claims brought against them. (*Id.* at 3). Arboretum Hospitality and A&D also join in this concern. (*See* Dkt. 97, at 5–8; Dkt. 99, at 5, 9). Second, the Wyndham Defendants oppose the proposed protective order's language regarding the procedures governing the disclosure of Plaintiff's identity to her trafficker and their associates. They request additional language to specify that they should only follow these procedures in relation

to *known* associates of the alleged trafficker, so they do not unintentionally violate the protective order by revealing her identity to an unknown associate. (*Id.* at 3–4). Third, the Wyndham Defendants request that Plaintiff be required to include a representation in the protective order stating that she has a good faith belief that the disclosure of her identity could expose her to harm and that Plaintiff otherwise will not publicly disclose her identity in conjunction with this lawsuit. (*Id.* at 4–5).

Arboretum Hospitality opposes Plaintiff's request to proceed under a pseudonym, arguing that Plaintiff has not met her burden for doing so. Specifically, Arboretum Hospitality contends that Plaintiff has not plead enough specific facts showing that she is in danger of violence or harassment if her identity is disclosed. (*See* Dkt. 97, at 3–5). A&D similarly opposes Plaintiff's use of a pseudonym in pre-trial proceedings and during the trial. (*See* Dkt. 99, at 1–2, 4–5, 9). A&D also challenges other provisions regarding which party has the right to determine if protected materials are returned or destroyed, if a party must provide all parties with discovery obtained from law enforcement or government agencies, whether this Court will retain jurisdiction over enforcement of the protective order after final judgment is entered, and whether the protective order should be binding on Defendants' successors. (*See id.* at 5–9).

A plaintiff in a civil action may proceed under a pseudonym under exceptional circumstances. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). As a general rule, plaintiffs must disclose their names in the complaint commencing a civil action. *Id.* (citing Fed. R. Civ. P. 10(a)). This rule reflects the "clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property.'" *Stegall*, 653 F.2d at 185 (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). However, in certain circumstances, "the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Id.* (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (cleaned up)).

There is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Id.* at 186. "The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* Significant factors may include the minor status or vulnerability of a party, threats of violence or harassment, or a "quintessentially private" matter such as religious belief. *Id.*

Courts have broad discretion to direct discovery, including to protect litigants from harassment and abuse. *J.P Morgan Chase Bank, N.A. v. Data Treas. Corp.*, 936 F.3d 251, 255 (5th Cir. 2019). Federal Rule of Civil Procedure 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984). The Federal Rules underscore such discretion by explaining that courts may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Accordingly, a court can issue a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* "When a plaintiff has demonstrated a need for anonymity, the court should use its powers to manage pretrial proceedings under Rule 16(b) and to issue protective orders limiting disclosure of the party's name under Rule 26(c) to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Doe (M.H.) v. G6 Hospitality LLC*, 2022 WL 2532489, at *2 (E.D. Tex. July 7, 2022).

To start, the Court agrees with Plaintiff that measures are warranted to protect her identity throughout this litigation for the reasons that Plaintiff cited. Cases involving sex trafficking inherently involve intimate matters, and the public disclosure of those details could harm Plaintiff, expose her to the very real stigma associated with sex trafficking, and expose her to the threat of retaliation by her alleged trafficker or their associates. It is also in the public interest to protect Plaintiff's identity because to do otherwise may deter other sex-trafficking survivors from coming

4

forward to pursue cases stemming from their own abuse. Contrary to the argument raised by Arboretum Hospitality and A&D, the Court finds that Plaintiff has pleaded enough facts to explain why she has a reasonable, legitimate fear of stigma in her community and harm from her trafficker and his associates if her identity is disclosed in this case. (*See* Compl., Dkt. 1, ¶¶ 41–45).

Meanwhile, there is a low risk of prejudice to Defendants of allowing Plaintiff to proceed anonymously because Plaintiff has agreed to reveal her identity for purposes of investigating her claims. In addition, the public interest in the openness of the judicial process is not threatened where, as here, the basic facts of the case will be on public record and there is nothing about Plaintiff's identity which is critical to the public's understanding of this case. Many courts overseeing similar cases have found that a TVPRA plaintiff's interest in anonymity outweighs the risk of prejudice to the defendants and the public interest in knowing the plaintiff's identity. *See, e.g.*, *G6 Hospitality LLC*, 2022 WL 2532489, at *2–3; *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2020 WL 4368214, at *9–10 (N.D. Cal. July 30, 2020); *A.D. v. Cavalier Mergersub LP*, 2022 U.S. Dist. LEXIS 169979, at *6–12 (M.D. Fla. 2022). Accordingly, there is good cause to allow Plaintiff to proceed under a pseudonym in pretrial proceedings and filings in this action, and a protective order to protect Plaintiff's identity is warranted.[2]

The Court generally finds Plaintiff's requests for the protective order to be reasonable to protect the disclosure of her identity. Requiring fact witnesses to sign the proposed Acknowledgement is a necessary requirement to avoid undermining the other provisions in the proposed protective order. The Court is not persuaded that such a requirement would impose an unreasonable burden on Defendants' ability to investigate this lawsuit and prepare a defense, and any incidental burden on Defendants' ability to investigate is outweighed by Plaintiff's important

---

[2] The Court only resolves the issue of Plaintiff proceeding anonymously in pretrial proceedings. If Plaintiff later seeks to proceed pseudonymously at trial, the Court will address that issue closer to trial.

5

privacy and safety interests. The Court also finds that there is good cause to require Defendants to provide notice before contacting Plaintiff's trafficker or their known associates. Many other courts have concluded the same and have allowed similar provisions in protective orders. *See, e.g.*, *Doe (K.B.) v. Hare Krishna Savannah Hotel, LLC*, 346 F.R.D. 150 (N.D. Ga. 2024); *Doe (A.M.G.) v. Red Roof Inns, Inc.*, No. 2:23-CV-4195, 2024 WL 4540093 (S.D. Ohio Oct. 22, 2024); *Doe (S.C.) v. The Sheraton, LLC et al.*, 1:23-cv-451, (D.N.M. May 24, 2024), ECF Nos. 74, 75. Finally, as to the other specific provisions challenged by A&D, the Court finds that the provisions are reasonable and will adopt them.

As for the specific wording of Plaintiff's requests, some of Defendants' concerns are well-taken. For example, the Court finds it appropriate to specify that advance warning should be given only when Defendants are contacting the alleged trafficker's *known* associates. Further, it would be appropriate for the protective order to include a representation by Plaintiff that she will not intentionally disclose her identity while this case is pending and that doing so may result in the protective order being revoked.

The Court is aware that another judge in the Austin Division recently resolved a very similar dispute over an opposed motion for a protective order in a TVPRA case. *See Jane Doe (A.R.J.) v. Wyndham Hotels & Resorts, Inc.*, No. 1:24-cv-109-DAE, (W.D. Tex. Sept. 19, 2024), ECF No. 63. This case also involved a TVPRA plaintiff suing some of the same defendants, where the parties were represented by some of the same counsel. On September 19, 2024, United States Magistrate Judge Dustin Howell granted in part and denied in part the plaintiff's motion for protective order after holding a hearing on the matter. *Id.* at ECF Nos. 60, 62. The Honorable United States District Judge David Ezra then entered a similar protective order to the one requested here, with some minor changes. *Id.* at ECF No. 63.

The Court finds the reasoning of Judge Howell, as stated on the record at the hearing, to be persuasive. *See id.* at ECF No. 64. The slight changes that were made to the proposed order in that case will adequately address some of the concerns that Defendants raised in their responses in this case. The Court wishes to enter substantially the same protective order in this case as was entered in that case. Accordingly, the Court will grant in part Plaintiff's motion and require her to submit an amended proposed order that is similar to the order entered in the *ARJ* case.

For these reasons, **IT IS ORDERED** that Choice's Motion to Join the Wyndham Defendants' Response to Plaintiff's Motion for Protective Order, (Dkt. 102), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion to Proceed Under Pseudonym and for Protective Order, (Dkt. 24), is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FINALLY ORDERED** that, on or before **March 4, 2025**, Plaintiff shall file an amended proposed protective order that is substantially similar to the protective order entered in *ALJ*, No. 1:24-cv-109-DAE, ECF No. 63. The Court will then enter that order separately.

**SIGNED** on February 25, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE